**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD JACKSON, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-2164 |
| v. | : | |
| JEFFERY A. BEARD, PH.D, et al., | : | |
| Defendants. | : | |

# MEMORANDUM

BUCKWALTER, S. J. March 31, 2008

Presently before the Court are Defendants Banta, Beratta, Berlew, Brumfield, Canino, Cavalari, DiGuglielmo, Faith, Gola, Golden, Hawkins, Hunter, Laubmeier, Mathis, Miller, Murray, Singleton, and Smith's[1] Motion to Dismiss or Strike Complaint (Docket No. 11), Defendant Arias's Motion to Dismiss (Docket No. 14), Defendant Correction Officials' Supplemental Motion to Dismiss or Strike (Docket No. 15), Defendant Arias's Supplemental Motion to Dismiss (Docket No. 25), Plaintiff's Motion in Opposition to Dismiss or Strike (Docket No. 28), Defendant Arias's Reply (Docket No. 30), Defendant Correction Officials' Reply (Docket No. 31), Plaintiff's Supplemental Motion to Amend the Complaint (Docket No. 34), Defendant Correction Officials' Motion to Strike Plaintiff's Motion to Amend (Docket No. 35), Plaintiff's Opposition to Granting Defendant Arias's Supplemental Motion to Dismiss

1. Hereinafter referred to collectively as "Defendants Corrections Officials." Defendants Beard, Bitner, Burks, Lurie, Nedab, and Sutherland are also included in this grouping despite not being listed in the original caption. Defendant Arias is not a Department of Corrections Official and is the only Defendant not included in this grouping.

(Docket No. 38), Plaintiff's Response in Opposition to Defendant Arias's Reply (Docket No. 39), Plaintiff's Response in Opposition to Defendant Corrections Officials' Reply (Docket No. 40), Plaintiff's Supplemental Motion in Response to Defendant Corrections Officials' Reply (Docket No. 41), and Defendant Arias's Motion to Strike Plaintiff's Opposition Brief to Reply Brief (Docket No. 43); as well as Plaintiff's Motion for Permanent Preliminary Injunction for a Restraining Order (Docket No. 18), Defendant Corrections Officials' Response in Opposition (Docket No. 32), Plaintiff's Urgent Correspondence in Reference to F.R.C.P. 65(b) (Docket No. 45), Defendant Corrections Officials' Response in Opposition to Plaintiff's Letter Motion for Preliminary Injunctive Relief (Docket No. 47), Plaintiff's Supplemental Motion for Preliminary Injunctive Relief (Docket No. 53), Defendant Corrections Officials' Response in Opposition to Plaintiff's Supplemental Motion for Preliminary Injunctive Relief (Docket No. 54), and Defendant Arias's Brief in Opposition to Plaintiff's Supplemental Motion for Preliminary Injunctive Relief (Docket No. 55).

For the reasons stated below, all claims with respect to Defendants Beard, Miller, Arias, DiGuglielmo, Bitner, Banta, Burks, Murray, Brumfield, and Smith are dismissed with prejudice. As to Defendants Hawkins, Golden, Singleton, Mathis, Canino, Laubmeier, Nadab, Cavalari, Berlew, Beratta, Hunter, Gola, Lurie, Sutherland, and Faith, all claims are dismissed without prejudice subject to Plaintiff filing an amended complaint.

## I. BACKGROUND

Plaintiff, Ronald Jackson, proceeding pro se, makes a number of claims against twenty-five defendants. These claims arise out of a series of alleged incidents involving Plaintiff and his treatment as an inmate at the State Correctional Institution at Graterford (SCI-Graterford)

over the past few years and continuing to the present. Twenty-four of the Defendants are Department of Corrections Officials (Def. Corrections Officials' Mem. in Supp. of Mot. to Dismiss or Strike 2), and the remaining Defendant, Felipe Arias, M.D., is described by Plaintiff as the "Regional Director Care Administrator at [SCI-Graterford]." (Compl., Part II - Parties.) Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the U.S. Constitution and seeking injunctive relief as well as punitive and compensatory damages. (Pl.'s Mem. Supp. Civ. Action 1.) Each Defendant is being sued individually and in his or her official capacity. (Compl., Part II - Parties.)

While Plaintiff continues to expand upon his allegations through each submitted pleading, the Court deduces from his initial Complaint and his Memorandum in Support of Civil Action (Docket No. 5) the following allegations at a minimum. On May 22, 2005, Plaintiff had an "encounter" with Defendant Lieutenant Hawkins that led Defendant Hawkins to "write-up" Plaintiff for misconduct after another inmate unrelated to the incident "implemented" Plaintiff in an altercation. (Compl., Part V; Pl.'s Mem. Supp. Civ. Action 2.) As a result, Plaintiff was sent to the Restrictive Housing Unit (RHU) pending investigation of the misconduct. (Compl., Part V.) This "write-up" was dismissed on May 24, 2005, but then "re-written" on June 9, 2005, during which time Plaintiff remained in the RHU. (Id.) Following a hearing on the misconduct—during which Plaintiff alleges he was denied due process as a result of unviewable security camera footage—Plaintiff was sentenced to ninety days in the RHU. (Id.) Plaintiff claims that Defendant Hearing Officer Canino shared a personal friendship with Hawkins that

contributed to this "abuse of authority." (Id.) On appeal, Plaintiff's misconduct was affirmed by Defendant Superintendent DiGuglielmo and Defendant Chief Hearing Examiner Bitner. (Id.)

On September 5, 2005, Plaintiff received a property receipt form after Corrections Official Harris and Defendant Hawkins packed Plaintiff's cell on May 22, 2005; Plaintiff noticed several missing or destroyed items. (Id. ¶ 2.) Plaintiff filed a grievance concerning the missing or destroyed items, and then filed another grievance to that effect on September 7, 2005, upon being released from the RHU. (Id.) It appears from Plaintiff's Complaint that this grievance was denied and affirmed on appeal by Defendant DiGuglielmo. (Id. ¶ 4.)

Plaintiff alleges that on September 29, 2005, Defendant Control Officer Nedab was influenced by Defendants Hawkins, Golden, and Singleton to write up Plaintiff in retaliation. (Id. ¶ 3.) Plaintiff's appeals of this "write-up" were affirmed. (Id.)

On November 28, 2005, Plaintiff was released from the RHU. (Id. ¶ 5.) Plaintiff did not experience any further problems for nearly a year. Then, on September 5, 2006, less than two weeks after Defendant Officer Mathis was re-assigned to Plaintiff's prison block, Plaintiff received a misconduct for "some trump[ed] up charges, that was dismiss[ed] twice and written up three times." (Id.) Plaintiff alleges that he was retaliated upon by Defendant Sergeant Berlew and Defendants Corrections Officers Beratta, Lurie, Laubmeier, Hunter, Gola, and Sutherland after they received encouragement from Mathis. (Id.) Plaintiff was sentenced to a sanction of 180 days and his appeals were affirmed. (Id.)

On September 21, 2006, Plaintiff alleges that Defendant Beratta wrote him up for "a broken wicket"[2] while in the RHU. (Id. ¶ 6.) Plaintiff's account was assessed for $38.00 despite Plaintiff's claims that the "wicket" was not broken. (Id.) Plaintiff filed a grievance. (Id.)

Plaintiff claims that on September 25, 2006, Defendant Berlew denied him a morning meal. (Id. ¶ 7.) Furthermore, Defendants Cavalari, Berlew, Beratta, Hunter, and Lurie denied Plaintiff food trays on several other occasions, and Defendants Lt. Cavalari and Shift Commander Brumfield have allowed these many retaliatory acts without any investigation. (Id.) Plaintiff also alleges to have been denied yard access by Defendant Beratta on October 4, 2006, prompting Plaintiff to file another grievance. (Id. ¶ 9.) That appeal was denied on October 30, 2006, and affirmed on appeal. (Id.)

On October 5, 2006, Plaintiff filed a grievance against Defendant Berlew for harassment. (Id. ¶ 10.) Specifically, Plaintiff contends that Berlew constantly taunted him, purposely tightened the cuffs on Plaintiff prior to him going to the yard, and made comments relating to Plaintiff getting out of the RHU. (Id.) Plaintiff moved cells on October 10, 2006, and was denied access to the yard by Defendant Beratta on October 18, 2006, allegedly in retaliation to the grievances Plaintiff had filed. (Id. ¶¶ 11-12.)

On October 21, 2006, Plaintiff was again denied yard access by Defendant Beratta, as well as shower access. (Id. ¶ 13.) No consideration was given to Plaintiff's complaints seeking to see a Lieutenant or Sergeant. (Id.) Plaintiff also alleges that Defendants Beratta and Hunter tried to slam his fingers in "the wicket" as he struggled to keep it open. (Id.)

---

2. It appears from the Complaint that a "wicket" is a reference to the door contraption through which food is passed to prisoners in the RHU.

Plaintiff suffered minor abrasions and cuts on his right wrist and the back of his left hand as a result, to which he claims a clear abuse of authority, retaliation, and cruel and unusual punishment. (Id.)

Plaintiff asserts that on October 24, 2006, Defendants Cavalari, Berlew, and Beratta conspired to move Plaintiff to a cell in the special needs unit to which the previous occupant was hepatitis infected and had not showered nor washed the cell in over five months. (Id. ¶ 14.) Plaintiff alleges this move was in retaliation for the grievance he filed relating to the wicket incident, and that he was also written up by Defendant Berlew for possession of contraband (a lighter and 9 Benedryl pills). (Id. ¶¶ 14-15.) Plaintiff describes the cell as having no light switch, no linen, no jumpsuit, no disinfect, and smelling of urine and human waste. (Id. ¶ 15.) Furthermore, Plaintiff claims that he was denied a breakfast tray that day and lunch tray the following day by Defendants Gola and Lurie respectively. (Id.) Plaintiff attributes these restrictions to Defendant Brumfield and his failure to investigate, and claims that he continued to be denied breakfast and lunch trays daily for nine days. (Id. ¶¶ 15-16.)

Plaintiff alleges that on October 27, 2006, Defendants Berlew, Beratta, Lurie, and Hunter continued to deny him trays of food. (Id. ¶ 17.) Also that day, Plaintiff alleges that Defendants Beratta and Hunter entered his cell and assaulted him. (Id. ¶ 18.) Plaintiff further states that Defendant Lurie entered the cell throwing punches, and Defendant Berlew grabbed his legs, before Corrections Official Kenney entered to break up the scene. (Id.) As a result, Defendant Hunter wrote Plaintiff up for misconduct, but the story provided by witness Defendant Beratta was "nothing like what happened." (Id.) Plaintiff suffered back and neck pains, as well

as contusions over his chest, neck, arms, and back; he received a ninety day sentence for the assault. (Id.)

Plaintiff identifies discrepancies in Defendant Murray and Defendant Cavalari's reasons for why Plaintiff was moved to a new cell. Defendant Murray allegedly claimed that Plaintiff was transferred after a routine cell inspection showed Plaintiff to be in possession of excessive food. (Id. ¶ 20.) Defendant Cavalari, on the other hand, attributed Plaintiff's move to security concerns resulting from Plaintiff's history of staff assaults. (Id.)

In November of 2006, Plaintiff sent a letter to the Office of Professional Responsibility in Camp Hill and filed a complaint with the Montgomery County District Attorney's Office, both relating to the alleged assault on October 27, 2006. (Id. ¶¶ 21-22.) He received a response from Montgomery County that the matter was referred to the State Police. (Id.)

Plaintiff also claims that on January 11, 2007, upon returning to his cell after a shower, Plaintiff encountered Defendant Lurie who conducted an "unsupervised" search of Plaintiff's cell, resulting in Lurie writing Plaintiff up for contraband, assault, and abusive language. (Id. ¶ 23.) Plaintiff alleges that a similar "illegal search & seizure" was "committed by the same officer" on October 24, 2006. (Id.) Defendant Bitner denied Plaintiff's appeal. (Id.)

Following the assault on October 27, 2006, Plaintiff alleges that he made several sick calls between then and May of 2007. (Id. ¶ 24.) Plaintiff further asserts that Defendant Arias prescribed the same medication that Plaintiff had previously received despite Plaintiff's contentions that the medication did not "subside" the pain. (Id.)

On May 3, 2007, Plaintiff contends that Defendant Faith assaulted him through a "security pass through wicket" by "opening and then attempting to slam [Plaintiff's] hands/fingers, and arms in the wicket." (Id.) Plaintiff alleges Defendant Faith acted in retaliation for Plaintiff making comments concerning the October 27, 2006, assault. (Id.)

Finally, Plaintiff makes allegations against Defendant Librarian Miller for denying Plaintiff access to legal materials. (Id. ¶ 25.) Plaintiff filed grievances to that effect, which were denied and affirmed on appeal. (Id.)

## II. STANDARD

Defendants Corrections Officials move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 8(e), and, as a less desirable alternative, move for a more definitive statement and move to strike Plaintiff's supplemental pleadings pursuant to Rules 12(e) and (f) respectively. Defendant Arias moves to dismiss pursuant to Rule 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(6) is granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This motion "may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to [the] plaintiff, [the] plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 481 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)) (citations omitted). A court must accept all of the plaintiff's allegations as true and draw all reasonable inferences in his favor. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

Pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for more definite statements are not favored and the granting of such motions is within the sound discretion of the court." Wheeler v. U.S. Postal Service, 120 F.R.D. 487, 488 (M.D. Pa. 1987) (citing Wilson v. United States, 585 F.Supp. 202, 205 (M.D. Pa. 1984); In re Arthur Treacher's Franchisee Litigation, 92 F.R.D. 398, 406 (E.D. Pa. 1981)). Pursuant to Rule 12(f), The court may strike from a pleading any redundant, immaterial, or impertinent matter. Fed. R. Civ. P. 12(f).

Rule 8 sets out the general rule for pleadings. A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" Bell Atlantic Corp., et al. v. William Twomble, et al., --- U.S. ---, 127 S. Ct. 1955, 1965 n.3 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94,- 95 (3d ed. 2004)). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

The Court notes that it has an obligation to read a pro se litigant's pleadings liberally. Holley v. Dept. of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Courts must apply the applicable law, regardless of whether the pro se litigant cited the applicable law or referenced it by name. Holley, 165 F.3d at 248. A complaint filed by a pro se party should not be dismissed under Rule

12(b)(6) "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980).

## III. DISCUSSION

Considering the facts and circumstances here, and in light of the applicable standards highlighted above, the Court dismisses a number of Defendants with prejudice in accordance with Rule 12(b)(6), and dismisses the remaining Defendants without prejudice, providing a last opportunity to Plaintiff to file an amended Complaint in accordance with Rules 8, 12(e), and 12(f).

### A. Defendant Beard

Plaintiff makes no allegations against Defendant Beard, but rather appears to have included him as a Defendant based on his position as Secretary of the Pennsylvania Department of Corrections. Liability under section 1983 cannot rest solely on respondeat superior. A Defendant must have personal involvement in the alleged constitutional violation to be held liable. Rode v. Dellarciprete, 845 F.2d 1195, 1209 (3d Cir. 1988). However, "[a]ctual knowledge and acquiescence' suffices for supervisory liability because it can be equated with 'personal direction' and 'direct [action] by the supervisor.'" Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co., 548 U.S. 53, 126 S. Ct. 2405 (2006) (quoting Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990)). Plaintiff has not alleged any personal involvement or knowledge on Defendant Beard's part, and thus the claims against him are dismissed with prejudice.

**B. Defendant Miller**

Defendant Miller, as librarian of SCI-Graterford, is alleged to have denied Plaintiff access to certain legal materials. With respect to claims based on a constitutional right of access to the courts, Plaintiff must not only plead and prove that Defendant Miller prevented him access, but also that he suffered actual injury to an underlying non-frivolous legal claim that he wished to pursue. Christopher v. Harbury, 536 U.S. 403, 414-417 (2002); Lewis v. Casey, 518 U.S. 343, 349-354 (1996). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher, 536 U.S. at 415. "[T]he complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may be brought." Id. "There is . . . no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." Id. In the present matter, Plaintiff has maintained his lawsuit despite Defendant Miller's alleged hindrance, and has not alleged suffering actual injury as a result of Defendant Miller's actions. Therefore, the claims against Defendant Miller are dismissed with prejudice.

**C. Defendant Arias**

Plaintiff has alleged that Defendant Arias, in treating Plaintiff following the alleged assault on October 27, 2006, prescribed medication despite Plaintiff's contentions that the particular medication had proved ineffective on a prior occasion. The Court presumes that Plaintiff bases this claim on the Eighth Amendment's protections against cruel and unusual punishment. In evaluating such claims in the context of medical care, the Supreme Court has

concluded that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Id. at 105-106. The Supreme Court has "since read Estelle for the proposition that Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

Plaintiff's allegations against Defendant Arias fall short of the standard outlined above. As stated, Plaintiff alleges only that Defendant Arias—in response to an assault where Plaintiff suffered scrapes, cuts, a contusion, an abrasion, and back, arm, neck, chest, and shoulder injuries—prescribed a medication that previously failed to alleviate Plaintiff's pain. (Compl., Part V at ¶24.) Upon informing Defendant Arias of such, Plaintiff alleges that Defendant Arias "ignored" him. (Id.) Plaintiff's mere claims that he disagreed with Defendant Arias's choice of medication do not constitute facts from which it could be concluded that Defendant Arias acted with deliberate indifference to Plaintiff's serious medical needs. Accordingly, the claims against Defendant Arias are dismissed with prejudice.

**D. Defendants DiGuglielmo, Bitner, Banta, Burks, Murray, Brumfield, and Smith**

With respect to this pool of Defendants, Plaintiff has failed to state claims upon which relief can be granted because the Defendants' alleged involvement relates only to grievance procedures. Inmate grievance procedures in themselves do not confer a liberty interest protected by the Due Process Clause. McGuire v. Forr, Civ. A. No. 94-6884, 1996 WL 131130, 1 n.1 (E.D. Pa. Mar. 21, 1996), aff'd 101 F.3d 691 (3d Cir. 1996). As one court recently explained, "prison regulations that establish a grievance procedure cannot give rise to a liberty interest because they confer only procedural protections, not substantive rights, upon the inmates who may use the grievance procedures." O'Connell v. Sobina, Civ. A. No. 06-238, 2008 WL 144199, *17 (W.D. Pa. Jan. 11, 2008). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).

Plaintiff's allegations against Defendants DiGuglielmo, Bitner, Banta, and Burks are limited to their having affirmed on appeal the denial of his grievances. Similarly, Plaintiff's allegations against Defendants Murray, Brumfield, and Smith rest entirely on their failing to investigate grievances in their role as supervisors. Accordingly, the claims against Defendants DiGuglielmo, Bitner, Banta, Burkes, Murray, Brumfield and Smith are dismissed with prejudice.

**E. Defendants Hawkins, Golden, Singleton, and Mathis**

Defendants Hawkins, Golden, Singleton, and Mathis argue that they should also be dismissed because the only allegations against them are related to them failing to properly investigate, process, or consider Plaintiff's grievances. However, in light of Plaintiff alleging

them to have encouraged other Defendants to retaliate or in other ways conspire against Plaintiff, Plaintiff's claims against Defendants Hawkins, Golden, Singleton, and Mathis will not be dismissed with prejudice. Rather, the Court dismisses them without prejudice subject to Plaintiff specifying their alleged violations in his amended Complaint.

**F. Defendants Canino, Laubmeier, Nadab, Cavalari, Berlew, Beratta, Hunter, Gola, Lurie, Sutherland, and Faith**

With respect to the remaining Defendants, those listed in this grouping, Plaintiff has alleged sufficient claims to survive Defendants' Motion to Dismiss under Rule 12(b)(6). However, in light of Defendants' arguments based on Rule 8, 12(e), and 12(f), the Court finds Plaintiff's Complaint, and the many supplemental filings where Plaintiff expands upon his initial Complaint, to lack clarity and be unfairly burdensome to Defendants. Therefore, as to the Defendants Canino, Laubmeier, Nadab, Cavalari, Berlew, Beratta, Hunter, Gola, Lurie, Sutherland, and Faith, Defendants' Motion to Dismiss is Granted without prejudice subject to Plaintiff filing an amended complaint.

## IV. CONCLUSION

For the reasons stated, Defendants Beard, Miller, Arias, DiGuglielmo, Bitner, Banta, Burks, Murray, Brumfield, and Smith are **DISMISSED WITH PREJUDICE**. Defendants Hawkins, Golden, Singleton, Mathis, Canino, Laubmeier, Nadab, Cavalari, Berlew, Beratta, Hunter, Gola, Lurie, Sutherland, and Faith are **DISMISSED WITHOUT PREJUDICE** subject to Plaintiff filing an Amended Complaint. The Court now requires Plaintiff to file a new comprehensive Complaint in compliance with the Federal Rules of Civil Procedure and with the specificity highlighted in the accompanying order. Plaintiff should include all facts and legal

claims in his Amended Complaint, as the Court will not allow Plaintiff, outside of extraordinary circumstances, to further supplement the allegations.

An order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD JACKSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-2164 |
| | : | |
| v. | : | |
| | : | |
| JEFFERY A. BEARD, PH.D, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 31st day of March, 2008, upon consideration of Defendants Banta, Beratta, Berlew, Brumfield, Canino, Cavalari, DiGuglielmo, Faith, Gola, Golden, Hawkins, Hunter, Laubmeier, Mathis, Miller, Murray, Singleton, and Smith's Motion to Dismiss or Strike Complaint (Docket No. 11), Defendant Arias's Motion to Dismiss (Docket No. 14), Defendant Correction Officials' Supplemental Motion to Dismiss or Strike (Docket No. 15), Defendant Arias's Supplemental Motion to Dismiss (Docket No. 25), Plaintiff's Motion in Opposition to Dismiss or Strike (Docket No. 28), Defendant Arias's Reply (Docket No. 30), Defendant Correction Officials' Reply (Docket No. 31), Plaintiff's Supplemental Motion to Amend the Complaint (Docket No. 34), Defendant Correction Officials' Motion to Strike Plaintiff's Motion to Amend (Docket No. 35), Plaintiff's Opposition to Granting Defendant Arias's Supplemental Motion to Dismiss (Docket No. 38), Plaintiff's Response in Opposition to Defendant Arias Reply (Docket No. 39), Plaintiff's Response in Opposition to Defendant

Corrections Officials' Reply (Docket No. 40), Plaintiff's Supplemental Motion in Response to Defendant Corrections Officials' Reply (Docket No. 41), and Defendant Arias's Motion to Strike Plaintiff's Opposition Brief to Reply Brief (Docket No. 43); as well as Plaintiff's Motion for Permanent Preliminary Injunction for a Restraining Order (Docket No. 18), Defendant Corrections Officials' Response in Opposition (Docket No. 32), Plaintiff's Urgent Correspondence in Reference to F.R.C.P. 65(b) (Docket No. 45), Defendant Corrections Officials' Response in Opposition to Plaintiff's Letter Motion for Preliminary Injunctive Relief (Docket No. 47), Plaintiff's Supplemental Motion for Preliminary Injunctive Relief (Docket No. 53), Defendant Corrections Officials' Response in Opposition to Plaintiff's Supplemental Motion for Preliminary Injunctive Relief (Docket No. 54), and Defendant Arias's Brief in Opposition to Plaintiff's Supplemental Motion for Preliminary Injunctive Relief (Docket No. 55), it is hereby **ORDERED** that Defendants Beard, Miller, Arias, DiGuglielmo, Bitner, Banta, Burks, Murray, Brumfield, and Smith are **DISMISSED WITH PREJUDICE**. Defendants Hawkins, Golden, Singleton, Mathis, Canino, Laubmeier, Nadab, Cavalari, Berlew, Beratta, Hunter, Gola, Lurie, Sutherland, and Faith are **DISMISSED WITHOUT PREJUDICE**, subject to Plaintiff filing an Amended Complaint.

Plaintiff is instructed to file an Amended Complaint in compliance with the Federal Rules of Civil Procedure, particularly Rule 8(d), which provides that each allegation must be simple, concise, and direct. Plaintiff must clearly and orderly lay out each constitutional claim and how it specifically relates to each Defendant based on the allegations, so as to afford Defendants a fair opportunity to answer. Plaintiff is reminded that the Court will not allow

Plaintiff, outside of extraordinary circumstances, to further supplement the allegations in the Amended Complaint, and thus Plaintiff should include all pertinent facts and legal claims.

Plaintiff's Motions for Injunctive Relief (Dockets 18, 45, and 53) are **DENIED**. Plaintiff has failed to demonstrate a reasonable probability of success on the merits, and has failed to establish that he would be irreparably harmed by denying the injunction.

IT IS SO **ORDERED**.

BY THE COURT:

***s/ Ronald L. Buckwalter***
RONALD L. BUCKWALTER, S.J.