IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD JACKSON | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-2164 |
| | : | |
| JEFFREY A. BEARD, *et. al.* | : | |
| | : | |
| Defendants. | | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                                                     September 29, 2009

Currently before the Court is Plaintiff Ronald Jackson's October 31, 2008 and December 5, 2008[1] Motions for Summary Judgment, and the Response in Opposition by moving Defendants Michael Baratta, Kenneth Berlew, Mary Canino, Dustin Faith, Joseph Gola, Dion Hunter, Joseph Laubmeier, Michael Laurie, and Angellette Mathis (collectively "Moving Defendants".).  Also, before the Court is Moving Defendants' Cross-Motion for Summary Judgment and Plaintiff's Declaration in Opposition.  For the following reasons, Plaintiff's Motion for Summary Judgment is denied and Moving Defendants' Cross-Motion for Summary Judgment is granted.

**I.    FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, proceeding *pro se*, brought a number of claims in his original Complaint against various prison officials.  On March 31, 2008 this Court dismissed some of Plaintiff's claims with

---

[1] Plaintiff's Motions for Summary Judgment appear to be the exact same document, filed twice, more than a month apart.  The Court will treat the documents as the same Motion.

prejudice and other claims without prejudice to Plaintiff's filing of an amended complaint. (Doc. No. 56.) On October 29, 2008, Plaintiff filed his Amended Complaint. (Doc. No. 92.) Two days later, he filed a Motion for Summary Judgment Against All Remaining Defendants. (Doc. No. 93.) On January 15, 2009, Defendants filed a Cross-Motion for Summary Judgment against Plaintiff. (Doc. No. 110.) After some spurring from the Court, Plaintiff filed, on April 30, 2009, an Opposition Motion and Memorandum to Defendants' Cross Summary Judgment Motion. (Doc. No. 131.) And, on May 5, 2009, Defendants filed a Response to Plaintiff's Opposition Motion. (Doc. No. 133.)

Pursuant to this Court's Order (Doc. No. 78), dated September 16, 2008, the factual allegations as stated in Defendants' Motion to Dismiss the Complaint constitute all of the factual allegations before this Court with certain necessary revisions and omissions with respect to prior Defendants who have been dismissed. The facts are as follows:

> **4. Due Process Claim Against Baratta and Canino**
> Plaintiff alleges that Defendant Baratta falsely charged him with misconduct on September 21, 2006, regarding a broken cell door wicket in the Restricted Housing Unit ("RHU"). Defendant Canino refused to permit Plaintiff's witnesses, assessed him $38, and sanctioned him with ninety days in the RHU.
> **5. Eighth Amendment Excessive Force Claim Against Baratta and Hunter with Unspecified Eighth Amendment Conditions Claim**
> Plaintiff claims that Defendants Baratta and Hunter used excessive force by attempting to slam his hands and arms in an open wicket slot on October 20, 2006. He refers to non-Defendant Cavalari as Defendants Baratta and Hunter's supervisor. He also refers to unidentified officials who denied him meals and yard and refers vaguely to harassment, retaliation, and conspiracy.
> **6. Eighth Amendment Excessive Force Claim and Conditions of Confinement Claim against Berlew, Gola, Hunter, Laurie, Laubmeier**
> Plaintiff claims that Defendants Berlew, Gola, Hunter, Laurie, and Laubmeier escorted him from cell 014 to shower and then returned him to a different, dirty, uninhabitable cell, 002, on October 10, 2006. He alleges that non-Defendant Cavalari ordered this move as retaliation. Plaintiff grieved the cell move, pointing out a discrepancy in explanations for the move.

**7. Due Process Claim Against Canino**

Plaintiff alleges that Defendant Berlew -- who has since been dismissed on this claim -- charged him with misconduct for flooding his cell and possession of contraband, Benedryl and a cigarette lighter. Berlew issued a confiscation slip for the contraband. Plaintiff explains that he put a lot of water on the cell floor to wash it, that the lighter was "planted, " and that he needed Benedryl for an allergy. As a result of the misconduct charge, and a hearing by Defendant Canino, Plaintiff received a sanction of ninety days in the RHU.

**8. Eighth Amendment Excessive Force Claim, Unspecified Fourteenth Amendment Claim Against Baratta, Hunter, Laurie; Due Process Claim Against Canino**

Plaintiff claims that Defendants Berlew, Hunter, Baratta, and Laurie assaulted him in violation of the Eighth and Fourteenth Amendments on October 27, 2006, by getting his cell door key from non-Defendant Sutherland in the RHU control office (the "bubble") and closing the cell door on him. Plaintiff refers to non-Defendant Cavalari's failure to prevent the above and reprimand the officers, but does not and cannot reasonably state that Cavalari observed the event or knew that it would occur. Plaintiff was charged with misconduct (assault) related to the encounter. Plaintiff claims that Defendant Canino held an arbitrary hearing without witnesses and representation for Plaintiff, found him guilty, and sanctioned him with ninety days in the RHU.

**9. Due Process Claim Against Laurie; and Canino**

Plaintiff claims that Defendants Laurie and Gola searched his cell, on January 11, 2007, in retaliation for a letter Plaintiff sent to the Department of Corrections' ("DOC") Office of Professional Responsibility ("OPR"). Defendant Laurie and Gola charged him with misconduct for assault and battery and for contraband, and confiscated Plaintiff's contraband mirror, razor, and Benedryl. Plaintiff claims that Defendant Canino held an arbitrary hearing and sanctioned Plaintiff with ninety days in the RHU.

**11. Eighth Amendment Excessive Force Claim and Retaliation Claim Against Faith**

Plaintiff alleges that Defendant Faith injured him on May 3, 2007, by trying to slam the cell door wicket on his left middle finger. Plaintiff claims that Faith was acting in retaliation for Plaintiff complaining about the alleged assault by Defendants Berlew, Hunter, Baratta, and Laurie on October 27, 2006. Plaintiff also claims that Faith falsely charged him with misconduct related to the May 3, 2007 event. Plaintiff alleges that Defendant Berlew and non-defendant Dole supervised Faith but does not and cannot reasonably allege they observed the event or knew it would happen. Plaintiff claims that he was not allowed to be present at an arbitrary misconduct hearing in which he was sanctioned to 180 days in the RHU.

**12. Eighth Amendment Excessive Force Claim Against Laubmeier**

> Plaintiff claims that Defendant Laubmeier assaulted him on June 8, 2007, by slamming his right arm in the cell door, when processing him for either going to or returning from yard. He alleges no related injury.

(Defs.' Cross Motion to Dismiss Compl., Jackson v. Beard, *et. al.*, Civ. A. No. 07-2164, 3-16 (July 31, 2008).)

In addition to establishing the factual allegations, this Court also pared Plaintiff's extensive list of claims to the following: (1) nominal, compensatory, and punitive damages against Defendant Canino based upon events in 2006 and 2007; (2) nominal, compensatory, and punitive damages against Defendants Gola and Berlew as to excessive force claims alone; (3) nominal, compensatory, and punitive damages against Defendants Baratta, Faith, Hunter, and Laurie for excessive force claims for events that occurred in 2006 and 2007; (4) nominal and punitive damages against Defendants Baratta, Faith, Hunter, and Laurie for Eighth Amendment non-excessive force claim for events which occurred in 2006 and for which Plaintiff alleged no physical injury; (5) nominal, compensatory, and punitive damages against Defendant Laubmeier and Mathis for Eighth Amendment violations; and, (6) a vague request for declaratory and injunctive relief remains as to all of the claims.

## II. STANDARD OF REVIEW

### A. Motion for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute is "material" only if it might affect the outcome of the case.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For there to be a "genuine" issue, a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. (Id.)

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Boyle v. County of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Del. Co., Inc., 998 F.2d 1224, 1230 (3d Cir. 1993).) Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

Although the moving party bears the initial burden of showing an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's claims." (Id. at 325.) Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec., 475 U.S. at 586. The nonmoving party, "may not rely merely on allegations or denials in its own pleading." FED. R. CIV. P. 56(c). 56(e)(2); Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). Rather, the opposing party must "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "There must be sufficient evidence for a jury to

return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Arbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994), abrogated on other grounds, Showalter v. Univ. of Pittsburgh Med. Center, 190 F.3d 231 (3d Cir. 1999).

**III.   ANALYSIS**

   **A.   Plaintiff's Motion for Summary Judgment**

Despite the limitation on Plaintiff's claims in the September 16, 2008 Order (Doc. No. 78), Plaintiff raises the following issues in his Motion for Summary Judgment:

   1. Due Process Claim, Retaliation, and Conspiracy Mathis and Mary Canino

   2. Due Process Claim, Retaliation, Abuse of Power, Conspiracy, Barratta and Mary Canino

   3. The Exhaustion Claim to Grievance Number 166040 and 172488 Against Sgt. Berlew, Barratta, Laubmeier, and Laurie, Retaliation, Conspiracy, Abuse of Power, Cruel and Unusual Punishment, Due Process, Eighth Amendment Claim

   $5^2$. Excessive Use of Force (10-27-2006) Co. D. Hunter, Co. Barretta, Co. Laurie, Co. II Berlew, and Mary Canino, Conspiracy, Retaliation, and Abuse of Authority, - Constitutional Amendment Eight and Fourteen, Directive 201

   6. Conspiracy, Retaliation, and Abuse of Power of Property, Lt. A. Golden, Lt. A. Hawkins, Mary Canino, Co. Singleton, and Co. Nedab, Eighth and Fourteenth Amendments, Cruel and Unusual Punishment, Due Process Claim.

(Pl.'s Mot. Summ. J. 3-16.)

---

[2] While Plaintiff includes a fourth section, he does not explicitly state who this section is against and on what grounds. (Pl.'s Mot. Summ. J. 8.) Instead, Plaintiff outlines a series of events involving non-Defendant Cavalari conspiring with other officers to perform "clandestine cell searches," which resulted in the planting of a lighter in his cell. Subsequently, he was subjected to other cell inspections that, Plaintiff alleges, constituted cruel and unusual punishment, retaliation, and abuse of authority. (Id. at 8-10.)

While Plaintiff provides extensive factual detail into the background of these claims, he offers little evidence to support his contentions and few, if any, citations to evidence or caselaw. The Court recognizes its duty to give a *pro se* Plaintiff leniency in terms of drafting his Complaint and formal pleadings, but that freedom is not limitless in the context of a motion for summary judgment. After careful review of Plaintiff's submission, the Court fails to find even a remote correlation between Plaintiff's statements and the scant evidence he provides. The burden of proof lies with Plaintiff to present evidence showing that his Motion should be granted. See, FED. R. CIV. P. 56(c); Celotex Corp., 477 U.S. at 324 (summary judgment will be granted to a moving party where that party has established that there exists no dispute of material fact and that it is entitled to judgment as a matter of law.). As he fails to go beyond mere factual assertions, the Court denies his Motion for Summary Judgment.

      B.      **Defendants' Cross-Motion for Summary Judgment**

Reviewing Defendants' Motion for Summary Judgment, the Court remains mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)) (quotation marks omitted). This liberal construction of a *pro se* complaint, however, does not excuse a *pro se* plaintiff from setting forth facts sufficient to survive summary judgment. Kaiser v. Bailey, No. 01-6151, 2003 WL 21500339, at *3 (D.N.J. July 1, 2003) (citing Shabazz v. Odum, 591 F. Supp. 1513, 1515 (M.D. Pa. 1984)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and mandates the entry of summary judgment. Celotex Corp., 477 U.S. at 323.

This Court granted Plaintiff significant leeway in drafting his response to Defendants' Cross-Motion for Summary Judgment. Beginning on February 11, 2009, and continuing through March 31, 2009, the Court granted multiple requests for extensions of time, (Doc. Nos. 117, 120, 124), ultimately resulting in an Order demanding that Plaintiff respond to Defendants' Cross-Motion by April 20, 2009. (Doc. No. 124.)

Despite this extensive latitude, Plaintiff failed to submit evidence in opposition to Defendants' Motion for Summary Judgment. Instead, he offered muddled statements that basically restated the allegations in his Complaint and Amended Complaint, or made references to evidence not before the Court. In addition, he also failed to address applicable law and explain why there are genuine issues of material fact to be tried and/or why the moving party is not entitled to judgment as a matter of law. Instead, Plaintiff's responses consist simply of assertions of fact, random citations to statutes and amendments, and not a single piece of evidence to support his contentions.

While the Court could grant summary judgment solely due to the absence of evidence that would allow a reasonable jury to return a verdict in Plaintiff's favor, we remain mindful of Plaintiff's *pro se* status. In deference to this status, the Court has carefully reviewed the entire record for evidence. We found and considered the following documents attached to various briefings to the Court:

> (1) A handful of short letters written by Plaintiff, and subsequent responses from prison officials, regarding grievance number 172488. The first letter is a litany of complaints about things Plaintiff is being denied in the prison, focusing mainly on yard access. In Plaintiff's first letter, however, he admits that "I haven't been to

yard in months . . . I don't even bother to sign up.³ I'm deny [sic] things I'm entitle [sic] too." (Pl.'s Mot. Summ. J. Ex. 1.)

(2) A response from Sharon M. Burks, Chief Grievance Counselor, to Plaintiff regarding grievance number 166332, in which she acknowledges receipt of his letter to the Central Office and informs him that she will not be taking action on his letter because he has "already received review on these issues on January 9, 2007." (Id. Ex. 2.)

(3) Grievance number 176168, where Plaintiff alleges that he was constantly harassed by Defendant Laurie, that Defendant Laurie took contraband from his cell, and that he was denied yard access. This submission also includes a subsequent response by Grievance Officer Doyle denying Plaintiff's grievance because (a) Plaintiff's record never indicated having had any other claims of harassment against Defendant Laurie, and (b) Plaintiff's grievance was filed in retaliation for his being written up for assaulting a prison official. (Id. Ex. 3.)

(4) Grievance number 190665, where Plaintiff alleges he was injured by Defendant Laubmeier and was never seen by medical personnel. This submission includes a subsequent response by Grievance Officer Doyle stating that policies and procedures were reviewed, that nothing like the events described occurred, and that there is no record that Defendant ever attempted to sign up for sick-call after the incident. (Id. Ex. 4.)

Despite construing the record broadly as supporting any possible violations alleged by Plaintiff and drawing all inferences in his favor, we find that none of these documents provide support for his claims. Instead, the Court reads the documents as either a collection of out-of-context statements mirroring his Complaint, or as evidence suggesting that Plaintiff was the instigator of the action and prison officials followed proper protocol.

The law is clear that a plaintiff cannot rely on either unsupported, unexplained assertions, or conclusory allegations in an attempt to survive a motion for summary judgment. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir.1989) (citing Celotex Corp., 477 U.S. at 325). Where the moving defendant in a summary judgment motion alleges the absence of evidence, the nonmoving plaintiff must come forward with evidence to support his or her claim. Foley v. Int'l

---

³It is the Court's understanding that a prisoner must sign-up to gain access to the prison yard.

Bhd. of Elec. Workers Local Union 98 Pension Fund, 91 F. Supp.2d 797, 813-14 (E.D. Pa. 2000).  Plaintiff has failed to do so.  He has failed to show even "[t]he mere existence of a scintilla of evidence" for elements on which he bears the burden of production.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 252 (1986).

      Accordingly, the Court finds that no genuine issue of material fact exists on Plaintiff's claims and grants Defendants' Motion for Summary Judgment.

      An appropriate order follows.